IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREL Y.,[1]

                    Plaintiff,

      v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

Case No. 6:23-cv-1908-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Laurel Y. filed this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405, and the parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court reverses the Commissioner's decision and remands this case for further proceedings.

///

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

**STANDARD OF REVIEW**

"As with other agency decisions, federal court review of social security determinations is limited." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). "For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Adhering to this principle, courts "follow three important rules" in reviewing social security determinations. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, courts "leave it to the [agency] to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler*, 775 F.3d at 1098). Second, courts "will 'disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098). Third, if the agency "'commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("And even where this modest [substantial evidence] burden is not met, [courts] will not reverse an [agency] decision where the error was harmless." (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by regulation as recognized in Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022))).

///

///

## BACKGROUND

### I.      PLAINTIFF'S APPLICATION

Plaintiff was born in June 1981 and was thirty-five years old on her application date. (Tr. 25, 427-37.) Plaintiff has more than a high school education, but no past relevant work experience. (*Id.* at 25.) In her application, Plaintiff alleged disability due to Dercum's disease, severe muscle spasms and difficulty walking, trouble concentrating and memory problems, polycystic kidney disease, fibromyalgia, post-traumatic stress disorder ("PTSD"), dystonia, anxiety and depression, panic attacks, and Raynaud's syndrome. (*Id.* at 507.)

The Commissioner denied Plaintiff's application initially and upon reconsideration. (*Id.* at 118, 132.) Plaintiff and an impartial vocational expert ("VE") appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on June 22, 2018. (*Id.* at 90.) On September 7, 2018, the ALJ issued a written decision denying Plaintiff's application. (*Id.* at 146.) On May 29, 2020, the Appeals Council remanded the case for rehearing. (*Id.* at 162.) On August 26, 2021, Plaintiff appeared for her second hearing. (*Id.* at 60.) A third hearing was held on March 2, 2023. (*Id.* at 39.)

On April 5, 2023, the ALJ issued a decision finding that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 22, 2016, through the date of decision. (*Id.* at 27.) On October 13, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (*Id.* at 1-6.) Plaintiff now seeks judicial review of that decision.

### II.     THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than [twelve]

months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *See id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *See id.* at 954. The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

## III.    THE ALJ'S DECISION

The ALJ applied the sequential evaluation process to determine if Plaintiff was disabled. (Tr. 12-36.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 22, 2016, the application date. (*Id.* at 18.) At step two, the ALJ determined that Plaintiff suffered from the following medically determinable impairment: "Dercum's disease." (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id.* at 20.) The ALJ assessed Plaintiff's residual functional capacity ("RFC"), and determined that she could perform sedentary work "except no

PAGE 4 – OPINION AND ORDER

climbing ladders, ropes or scaffolds; occasional balancing, crawling, stooping, crouching or kneeling; and no exposure to extreme heat or colds." (*Id.* at 21.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (*Id.* at 25.) At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as document preparer, assembler I, and marker II. (*Id.* at 26.) The ALJ therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 27.)

## DISCUSSION

The parties agree that the Court should reverse the ALJ's opinion because he failed adequately to consider the medical opinion of Plaintiff's treating physician, Dr. Paul Bilder ("Dr. Bilder"), but they disagree about the scope of the remand. (Am. Pl.'s Br. at 17, ECF No. 14; Def.'s Br. at 2-6, ECF No. 20; Pl.'s Reply at 1-4, ECF No. 21.) Plaintiff argues that the Court should remand for the immediate payment of benefits because crediting Dr. Bilder's opinion "would require a finding of disability."[2] (Pl.'s Reply at 4.) The Commissioner argues that significant factual conflicts and ambiguities remain and the record therefore requires further development. (Def.'s Br. at 3-5.)

## I.    REMAND

### A.    Applicable Law

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or

---

[2] In her opening brief, Plaintiff also argues that the ALJ failed to provide legally sufficient reasons for discounting other medical opinions. (Am. Pl.'s Br. at 8, 16.) In her reply, however, Plaintiff focuses the credit-as-true analysis on Dr. Bilder's opinion and does not argue that the Commissioner waived any arguments by not responding to all of the arguments in Plaintiff's opening brief. (*See* Pl.'s Reply at 2.) The Court therefore focuses its analysis on whether Plaintiff has satisfied the credit-as-true test with respect to Dr. Bilder's opinion.

explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). In several cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

The credit-as-true standard is satisfied if: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is met, the court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

### B.    Analysis

The Court agrees with the parties that the ALJ failed to provide legally sufficient reasons for discounting Dr. Bilder's medical opinion. (Am. Pl.'s Br. at 15-17; Def.'s    Br. at 2; Pl.'s Reply at 2.) After reviewing the record, however, the Court agrees with the Commissioner that conflicts and ambiguities in the record remain and therefore further proceedings are appropriate.

For example, the ALJ did not find Plaintiff's postural orthostatic tachycardia syndrome ("POTS"), PTSD, or headaches to be medically determinable impairments at step two, but Dr. Bilder's opinion suggests that Plaintiff suffered from all three. (Tr. 936, 1258, 1488-89, 1613, 1983.) Further proceedings will allow the ALJ to reconsider whether these impairments resulted in any functional limitations.

///

PAGE 6 – OPINION AND ORDER

Further, there are relevant conflicts between the record and Dr. Bilder's opinion that the ALJ must resolve. For example, Dr. Bilder opined that Plaintiff would be "impaired to such a degree that she could not be expected to perform even simple work tasks . . . probably 100%" of the work week. (*Id.* at 1220.) Dr. Bilder further reported that Plaintiff could not carry any amount of weight occasionally or frequently; could only sit, stand, or walk for thirty minutes at a time; could never climb, balance, stoop, bend, kneel, crouch, reach, handle, or feel; and could only occasionally finger (*i.e.*, use fine manipulation). (*Id.* at 1219.) These opinions are inconsistent with other record evidence reflecting that Plaintiff could engage in daily activities such as manage her own finances, drive, shop, and "build stuff on the computer" as a hobby, and with medical records reflecting that Plaintiff was more capable than Dr. Bilder suggested. (*Id.* at 1881, 2119, 2205, 2218, 2272.) Accordingly, further proceedings would serve a "useful purpose" here. *Garrison*, 759 F.3d at 1020; *see also Treichler*, 775 F.3d at 1104-05 (affirming the district court's remand for further proceedings where conflicts and ambiguities were unresolved).

For these reasons, the Court reverses the Commissioner's decision, but remands the case for further proceedings so that the ALJ may reevaluate all of the medical opinions (including Dr. Bilder's opinion), reevaluate Plaintiff's alleged impairments, and reformulate the RFC and seek further VE testimony, if necessary.

## CONCLUSION

For the reasons stated, the Court REVERSES the Commissioner's decision and REMANDS this case for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 10th day of March, 2025.

HON. STACIE F. BECKERMAN
United States Magistrate Judge